# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41152
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 4, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

ROBERT RICARDO MALDONADO,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1712-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert Ricardo Maldonado challenges his within-Sentencing Guidelines sentence (including 144 months' imprisonment), imposed following a guilty-plea conviction for conspiracy to engage in money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), (h). He challenges the district court's finding he laundered $40 million in drug-trafficking proceeds, justifying a 22-level increase to his base-offense level.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-41152

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Therefore, review of factual findings regarding the valuation of funds is only for clear error. *E.g., United States v. Valdez*, 726 F.3d 684, 696 (5th Cir. 2013). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.* at 692 (citation and quotation marks omitted).

The Guideline for money laundering provides for a base-offense level of "8 plus the number of offense levels from the table in § 2B1.1 . . . corresponding to the value of the laundered funds". U.S.S.G. § 2S1.1(a)(2). Although this provision accounts for funds involved in the charged offense, the district court may also consider funds from uncharged acts qualifying as relevant conduct. *See* U.S.S.G. §§ 1B1.3(a)(2), 3D1.2; *see also United States v. Rhine*, 583 F.3d 878, 885-86 (5th Cir. 2009). Relevant conduct includes offenses that are part of a common scheme or plan, and requires evidence that the offenses are "substantially connected to each other by at least one common factor", including "similar modus operandi". U.S.S.G. § 1B1.3 cmt. n.9(A). "The court need only make a reasonable estimate" of the value of the laundered funds, "based on available information." U.S.S.G. § 2B1.1 cmt. n.3(C).

The court's calculation was based on its finding Maldonado transported an estimated $400,000 on 100 different occasions. As part of his guilty plea, Maldonado admitted that, over the course of an 11-year period, he made

No. 14-41152

numerous trips to various locations and transported in rental vehicles the proceeds from illegal drug trafficking to the Rio Grande Valley of Texas. Airline and rental-car records from 2001 to 2012 show Maldonado flew to numerous cities, rented vehicles, and returned the vehicles in south Texas on 120 different occasions.  The court found Maldonado moved currency on 100 of those trips.  An unnamed cooperating source told law enforcement agents that Maldonado usually transported more than $500,000; moreover, Maldonado was transporting $1,068,930 when he was arrested.  In the light of evidence that he sometimes transported less than $500,000, the court estimated Maldonado transported $400,000 on each trip.

The court's relevant-conduct finding that Maldonado transported an estimated $40 million is plausible in the light of the record, and it is a reasonable estimate based on available information.  Because the value of the laundered funds exceeded $20 million, but was less than $50 million, the court did not err in applying a 22-level increase to Maldonado's base-offense level. *See* U.S.S.G. § 2B1.1(b)(1)(L).

AFFIRMED.